SUGG, Justice, for the Court:
The Chancery Court of the First Judicial District of Harrison County affirmed the issuance of air emission and waste water discharge permits by the Mississippi Air and Water Pollution Control Commission. This appeal involves the construction of the Mississippi Air and Water Pollution Control Law, Mississippi Code Annotated sections 49-17-1 to -43 (Supp.1976) and more particularly the right of aggrieved parties, other than permit applicants or holders, to a hearing and an appeal under section 49-17-41 (hereafter section 41).
E. I. DuPont de Nemours and Company filed an application to discharge waste water in accordance with the National Pollutant Discharge Elimination System into the St. Louis Bay and also for a permit for the operation of air emissions equipment. Both applications pertained to a plant DuPont proposed to construct at DeLisle, Mississippi. The air emission permit was issued by the Permit Board on April 5, 1974, and the waste water discharge permit on February 3, 1975.
After the application for the waste water permit was filed by DuPont an intensive investigation was conducted by the Permit Board of the Commission, including a public hearing on December 30, 1974. The notice of the public hearing stated that the Permit Board proposed to issue a permit to discharge waste water subject to specific pollutant limitations and special conditions. It invited persons wishing to comment upon the proposed determinations to submit the same in writing to the Commission no later than December 30, 1974. The public hearing was held pursuant to the notice.
On January 14, 1975, the Permit Board voted to issue Permit No. MS 0027294 without modification. This was the waste water discharge permit applied for by DuPont. George F. Riess, individually and as President of Save The Bay, Inc., petitioned the Commission on January 27, 1975, for a hearing on the question of issuance of the waste water discharge permit to DuPont. The Commission did not act on this request for a hearing. On February 18, 1975, George F. Riess and Save The Bay, Inc. filed a petition for appeal with supersedeas and for injunctive relief in the Chancery Court of the First Judicial District of Harrison County. The bill of complaint, among other things, prayed that the Commission deny any permit to DuPont authorizing any discharge of titanium dioxide plant waste into the Bay of St. Louis or into any well in the vicinity thereof and for general relief.
Appellants requested a de novo hearing by the chancery court, but this request was properly refused by the court because it was acting as an appellate court rather than a trial court. Appellants moved that the Commission be required to submit its entire file pertaining to the permits issued DuPont. The motion was granted; the files were presented and introduced at the hearing. The chancery court then rendered its final decree affirming the issuance of the permits by the Permit Board.
The first question presented is whether applicants were granted a hearing by the Commission as provided by section 41, or stated differently, did the December 30,1974 hearing satisfy the requirements of section 41?
Section 41 provides in part:
In addition to any other remedies that might now be available, any person or interested party aggrieved by any order of the commission, shall have a right to file a sworn petition with the commission setting forth the grounds and reasons for his complaint and asking for a hearing of the matter involved, provided that no hearing on the same subject matter shall have been previously held. (Emphasis supplied).
Appellees argue that the hearing December 30, 1974, was the only hearing appellants were entitled to because section 41 specifically prohibits a second hearing by the Commission on the same subject matter. We are not persuaded by this argument because the 1974 hearing was solely for the purpose of permitting interested parties to express their views and was not a hearing as contemplated by section 41. An infor *100 mation hearing such as the December, 1974, hearing is discretionary with the Commission. This kind of hearing might be useful on the question of issuing a permit because the attention of the Commission might be directed to possible effects of air emissions or waste water discharges not previously considered by the Commission, but a hearing of this kind does not satisfy the requirements of section 41. The only hearing accorded persons who are not permit applicants or holders, but who may be affected by permits issued, is contained in section 41. The requirement of due process is only satisfied by a hearing held as prescribed in section 41.
The second question is appellees contention that an appeal may not be taken from the orders of the Permit Board issuing the permits because the orders authorizing the permits were orders of the Permit Board and not orders of the Commission. Section 49-17-7(a) provides for a Commission of eleven (11) members. Section 49-17-17(m) grants the Commission power to issue, continue in effect, revoke, modify, or deny permits for the discharge of contaminants and waste into the air and waters of the state. A Permit Board of five (5) members, who are also members of the Commission, is created by section 49-17-28. The Permit Board is given authority to review applications and issue, modify, revoke, or deny permits. The order of the Permit Board in issuing, modifying, revoking or denying a permit, unless modified or disapproved by the full Commission, is an order of the Commission. For this reason we reject the argument that the issuance of the permits in this case was not by orders of the Commission.
For the foregoing reasons we reverse the decree of the chancery court affirming the issuance of the permits in question by the Permit Board. The chancery court was acting as an appellate court and had no jurisdiction of the case because appellants had not been afforded a hearing under section 41. The chancery court should have dismissed the appeal and remanded the petition to the full Commission for a hearing. Upon remand, DuPont as permit holder, should be given notice of the hearing and allowed to participate to satisfy due process requirements to it.
It is noted that no time limitation is prescribed by section 41 within which a petition for a section 41 hearing may be filed. This is probably an oversight by the legislature and can be easily corrected by an amendment. We note there is a 30 day limitation of time provided for petitions filed by a permit holder or applicant under section 49-17-29(l)(b) and (2)(b) when the application for hearing is made to the Permit Board and a similar 30 day limitation under 49-17-31(c) when the application for hearing is made to the full Commission.
REVERSED AND REMANDED TO THE COMMISSION FOR HEARING.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, BROOM and LEE, JJ., concur.
WALKER, J., took no part in this decision.